## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| SCOTT A. LILLY, SR. | : | Chapter 13 |
| Debtor | : | Case No. 04-23017(JKF) |
| _____ | | |
| SCOTT A. LILLY, SR. | : | |
| Plaintiff | : | |
| v. | : | |
| DELTA FUNDING CORPORATION | : | Adversary No. 04-2380 |
| Defendant | : | |
| _____ | | |

## <u>MEMORANDUM OPINION</u>

Before the Court is the Motion for Summary Judgment (the "Motion") filed by

Delta Funding Corporation ("Delta") in connection with the action brought against it (the

"Complaint") originally in state court by Scott A. Lilly, Sr. ("Lilly" or the "Debtor"), the

Debtor in the above-captioned bankruptcy case, which action was removed to this court

after the Debtor commenced his bankruptcy case.  Debtor sued Delta, his mortgagee,

for the value of his home which was destroyed in a fire, based on Delta's failure to

notify him when it purchased and, subsequently, lowered the amount of insurance for

the property after he defaulted on his mortgage.  For reasons discussed below, the

Motion is granted in part and denied in part.  Summary judgment will be granted on the

portion of the Complaint that pertains to allegation of breach of a fiduciary duty by

Defendant.  However, issues of fact remain with regard to Plaintiff's allegation of breach

of contract against Delta and summary judgment is inappropriate with regard to that

portion of the Complaint.


**FACTS**

The following facts, which are not in dispute, are taken from the parties' briefs

and accompanying exhibits.  In 1994, Lilly secured a $62,000.00 loan from Delta with a

mortgage on his property at 524 Batt's Switch Road, Nazareth, Pennsylvania 18064

(the "Property").  Lilly's monthly mortgage payments to Delta included payments of

principal and interest, as well as escrow payments for his homeowner's insurance and

taxes.

The mortgage signed by Lilly provided that he was required to obtain hazard

insurance on the Property.  Mtg. at ¶5.  The mortgage further contained the following

provision:

> If (a) I do not keep my promises and agreements made in this Security
> Instrument. . .  Lender may do and pay for whatever is necessary to
> protect the value of the Property and Lender's rights in the Property.
> Lender's actions may include appearing in court, paying reasonable
> attorneys' fees and entering on the Property to make repairs.  Lender
> must give me notice before Lender may take any of these actions.
> Although Lender may take action under this Paragraph 7, Lender does not
> have to do so.

Mtg. at ¶7.  Paragraph 14 of the mortgage further provides that any notices to be given

to Lilly shall be sent to the Property address (i.e. 524 Batt's Switch Road, Nazareth,

Pennsylvania 18064) but that "notice will be given to me at a different address if I give

Lender a notice of my different address."  The mortgage does not state how notice of

the address change should be given.  Paragraph 24 of the mortgage states that the

Borrower (Lilly) is responsible for all insurance premiums plus a $50.00 service fee if

Delta obtains hazard or flood insurance on his behalf.

In addition to the mortgage, Lilly also signed a letter (the "Insurance Letter") on

January 6, 1994, addressed to Little, Michaels & Kennedy, his insurance company (the

"Insurer"), stating in pertinent part, "PLEASE SEND BILLS DIRECTLY TO DELTA

FUNDING CORPORATION.  Insurance payments will be made by DELTA FUNDING

CORPORATION. . .  Please advise Delta Funding Corporation of any changes in the

status of this policy.  In the event of cancellation, please advise Delta Funding

Corporation.  In addition, see that they receive notice of all renewals." (Emphasis in

original).

Lilly was incarcerated in January 1997 and failed to make payments on the

mortgage from July 1997 through June 1998.  Lilly informed Delta by telephone that he

was incarcerated in January 1997 and again in March of 1998.  In April 1998 Delta paid

the insurance premium for the property.  It did not give Lilly notice that it was taking this

action.  Delta subsequently received notice that the Insurer was canceling the policy on

the Property for unspecified underwriting reasons as of the end of May 1998.  Delta

soon obtained $64,000.00 of insurance on the Property (i.e., insurance sufficient to

cover only the remaining amount of the mortgage) from U.S. Liability Insurance

Company.

On July 28, 1998 and on August 31, 1998, Delta sent Lilly notices that it was

obtaining insurance on the Property sufficient to cover its loan amount.  These notices

were sent to Lilly at 807 North 7th Street, Allentown, Pennsylvania 18102 rather than at

the Property address.  Prior to this, on May 8, 1998, Delta obtained a foreclosure

judgment against Lillly, but was precluded from enforcing it when Lilly filed for

Chapter 13 bankruptcy protection on June 18, 1998.  Lilly's 1998 bankruptcy case was

closed on May 24, 1999 and his current Chapter 13 case was filed on June 7, 2004.

On December 1, 1998, a fire destroyed the Property.  About five months later,

Delta received a check for $64,000.00 from its insurance company.  Delta's insurance

was the only insurance maintained on the Property at the time of the fire.  On

January 5, 2000, Delta also received approximately $34,000.00 from the sale of the

shell of the Property and real estate.

Lilly originally sued Delta in state court, asserting breach of contract, arising from

Delta's failure to properly give him notice of its purchase of insurance, and breach of

fiduciary duty based on the Insurance Letter.  The action was removed to this Court

when Lilly filed for bankruptcy.  Delta now seeks summary judgment on the entirety of

the Complaint before this Court.


**DISCUSSION**

**A. Standard on Motion for Summary Judgment**

A motion for summary judgment is governed by Federal Rules of Civil

Procedure 56, applicable in this proceeding pursuant to Federal Rule of Bankruptcy

7056.  Summary judgment "shall be rendered forthwith if the pleadings, depositions,

answers to interrogatories and admissions on file, and affidavits, if any, show that there

4

is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P.56(C).

The party moving for summary judgment must overcome the initial burden of demonstrating the absence of a material question of fact. Celotex v. Catrett, 477 U.S. 317, 325 (1986). The substantive law will determine which facts are material. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue of trial. Id. at 255. A court must find that the motion alleges facts which, if proven at trial, would require a directed verdict. 6 J. Moore, Moore's Federal Practice, ¶ 56.26 (2d ed. 1988). If so, the respondent "must set forth specific facts showing there is a genuine issue for trial," and may not "rest upon the mere allegations or denials of the pleading." Fed.R.Civ.P.56(e). If the non-movant's evidence "is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 250. However, as it is the moving party's burden to demonstrate the absence of genuine issues of material fact, even if the opposing party fails to file contravening affidavits or other evidence that establishes a genuine issue of material fact, summary judgment must still be warranted and will be denied where the movant's own papers demonstrate the existence of material factual issues. Drexel v. Union Prescription Centers, Inc., 582 F.2d 781, 790 (3d Cir. 1978) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-61 (1990)) (citations omitted). See Maldonado v. Ramirez, 757 F.2d 48, 51 (3d Cir. 1985). The absence of a genuine issue for trial is evident where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. Mashusita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

5

With this legal standard in mind, I turn to the two issues in this Motion to determine

whether summary judgment is appropriate as to either so as to warrant dismissal of the

adversary proceeding at this juncture.

**B. Factual Issues Remain with Regard to the Breach of Contract Claim**

Summary judgment cannot be granted to Delta on the question of whether it

breached the mortgage contract because there are material factual issues as to

whether Lilly received proper notice of Delta's purchase of hazard insurance on the

Property as may be mandated by the mortgage.

Before discussing the open factual issues, as a preliminary matter it should be

noted that Delta is correct in its assertion that the mortgage did not impose an

affirmative duty to notify Lilly that the insurance on the Property was being cancelled.

Lilly points to no such language in the mortgage or accompanying documents.

Therefore, after receiving notice that Little, Michaels & Kennedy was cancelling Lilly's

policy on the Property, it appears that Delta legally could have remained silent.  This is

not the end of the story, however, because once Delta purchased hazard insurance for

the Property, a duty to inform Lilly of this transaction may have arisen.  Paragraph

seven of the mortgage provides that "Lender may do and pay for whatever is necessary

to protect the value of the Property and Lender's rights in the Property.  Lender's

actions *may include* appearing in court, paying reasonable attorneys' fees and entering

on the Property to make repairs.  *Lender must give me notice* before Lender may take

any of these actions." (Emphasis added).

6

Delta conveniently concludes that this notice provision in the mortgage "does <u>not</u> apply by its terms to Delta's obtaining hazard insurance." (Mtn, p.16, emphasis in original).  The Court, however, is unwilling to rush to the same conclusion.  Paragraph seven of the mortgage provides that Lilly must receive notice when Delta takes at least certain actions to protect the value of the Property.  Yet the last sentence is not clearly a limiting one; it does not state that notice need be given *only* in those situations specifically described in the preceding sentence.  Delta asserted the contrary at oral argument-- that the notice provision of paragraph seven applies only to the specific actions referred to in the penultimate sentence- actions that could be taken by the mortgagee which would prejudice Lilly.  In other words, the Defendant urges that the final sentence of paragraph seven of the mortgage modifies only the specific actions detailed in the penultimate sentence of the paragraph– ie. appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs.  While this interpretation of this mortgage provision is a possible one, it is also possible that the notice requirement of paragraph seven is meant to apply to the first sentence quoted above, which reads "Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property" and thus would apply to the purchase of insurance on Lilly's behalf.  It is surely possible that this was Lilly's understanding.

Because the language of paragraph seven of the mortgage contract is ambiguous, it will be interpreted against the drafter, who in this case is Delta.  <u>See</u>, <u>Regents of Mercersburg College v. Republic Franklin Ins. Co.</u> 458 F.3d 158, 171 (3d Cir. 2006); <u>Roadway Package Sys., Inc. v. Kayser</u>, 257 F.3d 287, 298 n.6 (3d Cir.

2001).  Testimony must be taken to determine the meaning of the relevant portion of

the mortgage and how it was understood by the Debtor.  Thus the question of whether

paragraph seven of the mortgage requires notice to Lilly of Delta's purchase of hazard

insurance is a question of fact for trial and cannot properly be decided as a matter of

law on summary judgment.  Furthermore, the impact of the language of the Insurance

Letter on the mortgagee's obligations also needs to be determined.

     In addition, to the extent that Delta was required to provide Lilly with notice that it

was securing insurance on his property, a question of fact remains as to whether notice

was served and, if served, whether properly so, on the Plaintiff.  Delta gave Lilly notice

that it was purchasing insurance on the Property to cover the mortgage on July 28,

1998 and on August 31, 1998.  Both notices were sent to Lilly at 807 North 7th Street,

Allentown, Pennsylvania 18102.  Delta argues that this address was the correct one for

Lilly on those dates because the docket from Lilly's first bankruptcy, which was pending

from June 1998 to May 1999, lists this North Street address.  Mtn., p.10-11.  Delta also

points out that Lilly's bankruptcy papers state that the Batt's Property was leased to

another person during this time.  Mtn., p.11.  Delta does not assert that Lilly gave it

notice of any other address.  Lilly, on the other hand, maintains that notice should have

been sent to him at the Batt's Switch address because, notwithstanding his bankruptcy

and incarceration, paragraph 14 of the mortgage calls for notice to be sent to the

Property address. Response, p.15.  Delta's point that Lilly listed the North Street

address on his bankruptcy petition and now asserts that he could not be found there

creates a question as to whether Mr. Lilly should be precluded from arguing lack of

notice and as to what impact such a set of facts– receiving notice "in error" at an

8

address listed officially with the bankruptcy court at the time– creates with respect to a

claim for damages.  However, this is merely another factual issue, as is the question of

which address constituted proper notification for Lilly at the time that the notices of the

purchase of insurance were sent by Delta.  Summary judgment thus cannot be granted

to Plaintiff on the question of notice because these material questions of fact remain.


**C. Summary Judgment is Appropriate With Regard to the Claim of Breach of Fiduciary Duty**

Defendant's motion for summary judgment may be granted, however, with

regard to the relief sought in the Complaint for an alleged breach of fiduciary duty.

Plaintiff alleges in his Complaint that Delta "breached its fiduciary duty... by failing to

properly insure the property."  Complaint, ¶17.  Yet neither the Complaint nor any

pleading by the Plaintiff alleges facts which come close to meeting the tough legal

standard required for a mortgagee to become the fiduciary of a mortgagor.  Thus there

is no genuine issue of fact with regard to this matter and summary judgment may be

granted to the Defendant on this limited point.

Delta is correct that "the lender-borrower relationship ordinarily does not create a

fiduciary duty."  I&S Assocs. Trust v. LaSalle Nat'l Bank, 2001 WL 1143319, at *7 (E.D.

Pa. Sep. 27, 2001).  See also Federal Land Bank of Baltimore v. Fetner, 410 A.2d 344

(Pa. Super. 1979); Smith v. Berg, 2000 WL 365949, at *5 (E.D. Pa. Apr. 10, 2000).

While it is true that a fiduciary duty may in rare circumstances develop between a

lender and a borrower, such a relationship arises only where a creditor "gains

substantial control over the debtor's business affairs."  I&S Assocs., 2001 WL 1143319,

9

at *7, citing Blue Line Coal Co. v. Equibank, 683 F.Supp. 493, 496 (E.D. Pa.1988).  In

order for a fiduciary relationship to exist between a lender and borrower there must be

"evidence that the lender was involved in the actual day-to-day management and

operations of the borrower or that the lender had the ability to compel the borrower to

engage in unusual transactions." Temp-Way Corp. v. Continental Bank, 139 B.R. 299,

318 (E.D. Pa. 1992).  See also, DiCicco v. Willow Grove Bank, 2004 WL 2150980, at *5

(E.D. Pa. Sep. 21, 2004) ("A lender who monitors an operation and offers advice or

takes steps to minimize its risk has not assumed control").

        In this case, viewing the evidence in the light most favorable to the non-moving

party, Delta has not gained substantial control over Lilly's affairs, but has at most

monitored his insurance coverage as it pertains to the preservation of Delta's interest in

the Property.  Lilly maintains that the letter he sent to Little, Michaels & Kennedy (his

insurance company) asking it to send all correspondence and bills directly to Delta

meant that the Defendant was managing his day-to-day affairs.  However, this shred of

evidence does not mean that Delta was doing more than monitoring the situation, or

that "the lender had the ability to compel [him] to engage in unusual transactions."

Temp-Way, 139 B.R. at 318.  Lilly cites no law for the proposition that the actions taken

by Delta create a fiduciary relationship and the law cited above is to the contrary.

Therefore, the Court finds that the question of whether Delta owed a fiduciary duty to

Lilly can be determined in its favor on summary judgment.  No such duty existed.  I

note, however, that this need not preclude other arguments with regard to the impact of

the Insurance Letter.

10

**CONCLUSION**

For the reasons discussed above, summary judgment is denied with regard to the breach of contract element of the Complaint, but granted with regard to whether Defendant breached a fiduciary duty towards Lilly.  An order consistent with this Memorandum Opinion shall be entered.  As the pendency of the Motion suspended certain of the other dates set in this Court's Pretrial Order dated June 14, 2006, a further Order shall also prescribe the amended pretrial schedule.

Dated: October 27, 2006.

_____
HONORABLE JEAN K. FITZSIMON
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:                                       :

SCOTT A. LILLY, SR.                          :      **Chapter 13**

       **Debtor**                  :      **Case No. 04-23017(JKF)**
_____

SCOTT A. LILLY, SR.                          :

       **Plaintiff**                :

       **v.**                       :

DELTA FUNDING CORPORATION                     :      **Adversary No. 04-2380**

       **Defendant**               :
_____

. . . . . . . . . . . . . . . . . . . . . . . . .

**ORDER**

. . . . . . . . . . . . . . . . . . . . . . . . .

This 27th day of October, 2006, upon consideration of Defendant's Motion for

Summary Judgment ("Motion") and after hearing with notice, and for the reasons set

forth in the accompanying Memorandum Opinion,

It is hereby **ORDERED** that the Motion is **Denied** with respect to the breach of

contract portion of the Complaint; and **Granted** with respect to the breach of fiduciary

duty portion of the Complaint.

Dated: October 27, 2006.                     _____
                                             HONORABLE JEAN K. FITZSIMON
                                             United States Bankruptcy Judge

Copies to:

Gerald M. Barr, Esquire
Barr & McGogney
4905 Tilghman Street, Suite 250
Allentown, PA 18104

M. Kendall Brown
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

Wayne R. Walker, Trustee
Walker Nell Consultants, Inc.
1515 Market Street
Philadelphia, PA 19102

United States Trustee
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107